**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAREN AMARAL,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

Defendant-Appellee.

No.    15-35277

D.C. No. 3:13-cv-05900-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 19, 2017[**]

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Karen Amaral appeals the district court's affirmance of the Commissioner of

Social Security's denial of her application for disability insurance benefits under

Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The administrative law judge ("ALJ") did not err in evaluating the medical evidence from treating psychologist Dr. Monson. Despite Amaral's contentions to the contrary, the ALJ provided specific and legitimate reasons supported by substantial evidence in the record to discount Dr. Monson's opinion that Amaral's mental health symptoms would prevent her from engaging in gainful employment ever again. The ALJ pointed out that Dr. Monson's opinion was (1) inconsistent with his own initial mental status examination of Amaral, (2) conflicted with the opinions of two examining physicians and one consulting physician, and (3) depended in part on Amaral's subjective reported symptoms, which the ALJ had also discounted.

Although Amaral argues Dr. Monson's initial examination was simply a starting pointing from which he measured continuing deterioration, evidence from other physicians from the same time that Dr. Monson indicated Amaral's condition was deteriorating contradicts the assertion that Amaral's mental health was declining during this period. The ALJ was responsible for resolving these conflicts in the medical evidence, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008), and because the evidence was "susceptible to more than one rational

2

interpretation, the ALJ's decision should be upheld," *Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citation and internal quotation marks omitted). Amaral essentially advocates for the Court to reweigh the medical evidence and arrive at a different conclusion than the ALJ; however, she has not established that the ALJ failed to support this decision with substantial evidence or committed a legal error, as required to reverse the ALJ's decision. *See Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

The ALJ also did not err in discounting Amaral's testimony concerning the extent of her symptoms and their limiting effects. The ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting portions of her testimony. *See Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). The ALJ explained that: Amaral's daily activities cut against her allegations concerning the limiting effects of her symptoms; Amaral refused to undergo treatment recommended by her physician; there was a lack of medical evidence supporting Amaral's alleged symptoms and limitations; Amaral was not always truthful with medical professionals; and evidence indicated Amaral had exaggerated some of her symptoms.

Amaral asserts that treating psychologist Dr. Monson found her credible and that the ALJ should defer to this conclusion. However, determining the extent to

3

which a claimant is credible is the province of the ALJ, who must consider the entire case record to come to a conclusion. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (citing *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); SSR 16-3P, 2016 WL 1119029, at *4; *accord* SSR 96-7P, 1996 WL 374186, at *1. Amaral also argues that her "commentary" outside her office visits with Dr. Monson "should not be taken as particularly informative" because she was diagnosed depressive with psychotic features, and the ALJ failed to account for this diagnosis in assessing Amaral's testimony. However, the ALJ included this information in finding Amaral had severe impairments, including "major depressive disorder" and "personality disorder." In addition, this argument simply invites the Court to reweigh the evidence and arrive at a different conclusion than the ALJ; however, the Court will uphold the ALJ's rational interpretation of the evidence. *See Ryan*, 528 F.3d at 1198.

**AFFIRMED.**